## Pinsker v. Williams, Brown and Earle, Inc.

*W. T. Adis,* for plaintiff.

*White, Williams & Scott,* for defendant.

HAGAN, J., December 19, 1955.—This matter is before the court on defendant's motion for sanctions under Pa. R. C. P. 4019.

The facts, briefly, are as follows: Plaintiff, subsequent to the commencement of this assumpsit action, moved to the State of California. Defendant, wishing to take the deposition of plaintiff for the purpose of discovery, served a notice of such intention upon plaintiff's attorney, informing plaintiff to be present on a given date in the City of Philadelphia for the purpose of having his deposition taken. Plaintiff failed to appear at the time and place indicated in the notice, and, accordingly, defendant has filed this motion under Pa. R. C. P. 4019, requesting the court to order plaintiff to appear.

Defendant contends that notice to a plaintiff's attorney is sufficient to require a nonresident plaintiff to appear within the jurisdiction for the purpose of the taking of his deposition, and that, if after the receipt of such notice plaintiff fails to appear, the court may order him to do so under rule 4019. Plaintiff, on the other hand, contends that the court may not impose sanctions upon a party for failing to appear for the taking of his deposition unless he has first been subpœnaed.

Both plaintiff and defendant agree that there are no Pennsylvania cases on point. Defendant, however, cites several Federal court cases which hold that, under the Federal Discovery Rules, notice to a party's attorney is sufficient to require that party to appear for the taking of his deposition, and that it is not necessary for the imposition of sanctions that a subpœna be first issued. It is evident, however, that the Federal cases are not applicable. Federal Rule of Civil Procedure 37(d) provides for the imposition of

sanctions "if a party . . . wilfully fails to appear before the officer who is to take his deposition, *after being served with a proper notice* . . ." (Italics supplied).

Pa. R. C. P. 4019(a)(2), on the other hand, provides for the imposition of sanctions if "a party . . ., *after being subpœnaed,* wilfully fails to appear before the person who is to take his deposition, . . ." (Italics supplied). The language of this rule would appear to be unmistakable, and since plaintiff was not served with a subpœna to appear for the taking of his deposition, this court cannot impose the requested sanctions.

Accordingly, defendant's motion for sanctions is hereby dismissed.